UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PALMER, | CV F- 07-0148 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CROTTY, et al., | |
| Defendants. | |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's complaint filed January 26, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against Correctional Officer Crotty, the Chief Medical Officer of California Correctional Institute, Salinas Valley Prison Health Care Committee and the Deputy Director of Health Care Service. Plaintiff alleges that on January 27, 2005, as Officer Crotty was taking him from his cell, as he was backing up, he slipped and fell down a flight of stairs. He was immediately rushed to the local hospital but was returned due to a policy of not allowing prisoners to stay overnight unless they suffered a life threatening injury. Plaintiff alleges that when he returned, he was placed back in the same cell and no accommodations were made for him. Plaintiff alleges that he was paralyzed from the waist down but was not given a wheelchair or crutches. Plaintiff contends he had to crawl around his cell and up and down the stairs. Plaintiff alleges he spent 14 days in excruciating pain before he was taken to the infirmary.

Plaintiff alleges that Officer Crotty did not follow proper procedure in removing him from his cell as there should have been two officers assisting so that when a prisoner is walking backwards, one officer is on the top of the stairs and one officer is mid-way down the stairs to break a fall.

Plaintiff also alleges he should have been taken immediately to the infirmary and fitted with a neck and back brace and his housing assignment should have been changed. Plaintiff contends he was transferred to Salinas Valley Prison, which is not a facility designed for serious medical needs. Plaintiff claims defendants were deliberately indifferent to his safety and his serious medical needs. Plaintiff also claims defendants' actions were negligent under state law.

**1.     Deliberate Indifference to Plaintiff's Safety**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical

1  abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).
2  To establish a violation of this duty, the inmate must establish that prison officials were deliberately
3  indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834.
4  The deliberate indifference standard involves an objective and a subjective prong. First, the alleged
5  deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v.
6  Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an
7  excessive risk to inmate health or safety." Id. at 837.
8       Plaintiff's allegations against Officer Crotty are insufficient to state a claim for deliberate
9  indifference to his safety. While defendant Crotty may have been careless in removing plaintiff from
10 his cell, plaintiff does not allege that he knew of and disregarded an excessive risk to plaintiff's
11 safety. Plaintiff's allegations simply do not raise constitutional concerns.

12       **2.     Deliberate Indifference to a Serious Medical Need**

13       The Civil Rights Act under which this action was filed provides:

14           Every person who, under color of [state law] . . . subjects, or causes to
             be subjected, any citizen of the United States . . . to the deprivation of
15           any rights, privileges, or immunities secured by the Constitution . . .
             shall be liable to the party injured in an action at law, suit in equity, or
16           other proper proceeding for redress.

17 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
18 Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
19 (internal quotations omitted.) "To the extent that the violation of a state law amounts to the
20 deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
21 Section 1983 offers no redress." Id.
22       Section 1983 plainly requires that there be an actual connection or link between the actions of
23 the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
24 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A
25 person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,
26 if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform
27 an act which [that person] is legally required to do that causes the deprivation of which complaint is
28

made.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's disagreement with the course of treatment after his fall does not support a claim for relief under section 1983. <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). In order to proceed under section 1983 against prison officials for acting with deliberate indifference in violation of the Eighth Amendment, plaintiff's factual allegations must be sufficient to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837. Here, plaintiff has not alleged facts linking the Chief Medical Officer or the Deputy Director of Health Services to *any* acts or omissions relating to plaintiff's medical care, and plaintiff has not alleged any facts that would support a claim that Officer Crotty

acted or failed to act in a manner that rose to the level of a constitutional violation. The court will provide plaintiff with the opportunity to file an amended complaint.

However, plaintiff should keep in mind that under section 1983, liability may not be imposed on supervisory personnel such as the Chief Medical Officer or Deputy Director, for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
2  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
3  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
4  each claim and the involvement of each defendant must be sufficiently alleged.

5       In accordance with the above, IT IS HEREBY ORDERED that:

6           1.  Plaintiff's complaint is dismissed; and

7           2.  Plaintiff is granted thirty days from the date of service of this order to file an
8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
9  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
10 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
11 and two copies of the amended complaint; failure to file an amended complaint in accordance with
12 this order will result in dismissal of this action.

13     IT IS SO ORDERED.

14     Dated: **October 25, 2007**        **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE