# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. PALMER, | 1: 07-cv-148 LJO DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF AN ATTORNEY/INVESTIGATOR |
| v. | |
| CROTTY, et al., | (Doc. 32) |
| Defendants. | |

Plaintiff has requested the appointment of an attorney to investigate possible retaliation by prison staff against him.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel

1 shall be denied.

2 　　　Further, the expenditure of public funds on behalf of an indigent litigant is proper only when
3 authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma
4 pauperis statute does not authorize the expenditure of public funds for the appointment of an
5 investigator. 28 U.S.C. § 1915. .

6 　　　In accordance with the above, plaintiff's request for the appointment an attorney/investigator is
7 denied.

9 　　IT IS SO ORDERED.

10 　　**Dated:   September 4, 2009**　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE