# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. PALMER, | CASE NO. 1:07-cv-00148 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT CROTTY'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| CROTTY, et al., | (Docs. 31, 34) |
| Defendants. | |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

## I.    Background

Plaintiff Steven M. Palmer ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2007. The action is proceeding on Plaintiff's Second Amended Complaint ("SAC"), filed July 15, 2008, against Defendants Crotty and Tate. Defendant Tate filed an answer to the complaint on May 27, 2009. On May 26, 2009, Defendant Crotty ("Defendant") filed a motion to dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). Plaintiff has not filed a response to the motion despite the Court's order issued September 3, 2009, requiring Plaintiff to do so within twenty days.[1] (Doc. 38.) The motion is deemed submitted.[2] Local Rule 78-230(m).

---

[1] A motion filed by Plaintiff on September 21, 2009, was ordered stricken because it is unsigned. (Docs. 42, 43.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 14, 2009 Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 22.)

## II.   Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III.   Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2009).  The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).  In order to satisfy

1   section 1997e(a), California state prisoners are required to use this process to exhaust their claims

2   prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311

3   F.3d at 1199-1201.

4       The events giving rise to the claims alleged against defendant Crotty occurred while Plaintiff

5   was housed at California Correctional Institution ("CCI") in Tehachapi, California.  (Doc. 16, SAC,

6   pp. 2.)  Plaintiff alleges that Defendant Crotty slammed Plaintiff into a wall, choked him, and caused

7   him to fall down fourteen flights of steps during an escort on January 27, 2005.  (Id., pp. 2-5.)

8   Plaintiff seeks relief for use of excessive force, in violation of the Eighth Amendment of the United

9   States Constitution.[3]

10      Defendant Crotty moves for dismissal of the claim alleged against him on the ground that

11  Plaintiff did not exhaust his administrative remedies prior to filing suit.  Defendant submits evidence

12  that Plaintiff filed six separate inmate grievances at CCI that were accepted for review between April

13  2002 and June 2005.  (Doc. 34-2, Motion, Ex. A, Sampson Dec., ¶11, Ex. E-H.)  Of those

14  grievances, only three were filed between January 27, 2005 and June 2005. (Id.)  Defendants submit

15  evidence that none of these grievances address Plaintiff's allegations against Defendant Crotty.  (Id.)

16      The use of force incident allegedly occurred on January 27, 2005.  Grievance No. CCI-3-02-

17  1544 was submitted on December 9, 2001, four years prior to the incident involving defendant

18  Crotty, and does not address the claims raised against him in this civil rights action.  (Id., Ex.B.)

---

[3] It is unclear from reading Plaintiff's SAC whether he also alleges state law tort claims against defendant Crotty.  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not alleged compliance with the California Tort Claims Act and may not proceed with any state law claims against defendant Crotty.

In addition, based on the Court's recommendation that the federal claims against defendant Crotty be dismissed for Plaintiff's failure to exhaust administrative remedies, the Court declines to exercise supplemental jurisdiction over any state law claims alleged against him. 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

1    Grievance No. CCI-3-02-1933 was submitted on May 17, 2002 and concerns an overcharge in

2    Plaintiff's account.  (Id., Ex. C.)   Grievance No. CCI-7-04-03126 was submitted on December 22,

3    2004, again prior to the January 27, 2005 incident at issue here.  (Id., Ex. D.)  The grievance was

4    denied at the second level of review and not pursued further (Id., Ex. D, H.)

5        Grievance No. CCI-7-05-00816, submitted March 31, 2005, is a CDC 1824 form requesting

6    reasonable modification or accommodation, wherein Plaintiff grieves that the Ad-Seg yard is not

7    wheelchair accessible.  (Id., Ex. E.) Grievance No. CCI-05-0870, submitted April 5, 2005, relates to

8    Plaintiff's medical care.  (Id., Ex. F.)  Grievance No. CCI-05-1717, submitted June 14, 2005,

9    concerns Plaintiff's property.  (Id., Ex. G.) Upon review, none of these grievances address the

10   allegations of use of excessive force by defendant Crotty.

11       On May 4, 2009, prior to Defendant's filing of the instant motion to dismiss, Plaintiff filed a

12   document that the Court treats as Plaintiff's opposition.  (Doc. 31.)  In it, Plaintiff argues that he has

13   exhausted administrative remedies and submits a grievance bearing Log No. CCI-05-2319. (Id., Ex.

14   A1-A6.)  In this grievance, filed July 31, 2005, Plaintiff complains that he has suffered from chronic

15   back pain as a result of a fall from the second tier that occurred six months' prior.  Plaintiff complains

16   that he has not been provided with competent or adequate medical care.  (Id., Ex. A1, A4.) Plaintiff

17   requests an examination by a back specialist and monetary compensation.  (Id. Ex. A1.)

18       "[T]he primary purpose of a grievance is to notify the prison of a problem, and facilitate its

19   resolution."  Griffin v. Arpaio, 5557 F.3d 1117, 1120 (9th Cir. 2009).  In the absence of greater

20   specificity required by the applicable regulations, a grievance is sufficient "'if it alerts the prison to

21   the nature of the wrong for which redress is sought.'"  Id. (quoting Strong v. David, 297 F.3d 646,

22   650 (7th Cir. 2002)).  In California, inmates are required only to describe the problem and the action

23   requested.  Cal. Code Regs., tit. 15 § 3084.2(a) (West 2009). Although Grievance No. CCI-05-2319

24   received a Director's Level Review and is fully exhausted, it does not exhaust Plaintiff's complaint

25   that Defendant Crotty used excessive force against him.  Plaintiff did not alert prison officials to his

26   problem at issue and alleged against defendant Crotty in this civil rights action.  The grievance only

27   addressed, and thus only gave prison officials notice of,  Plaintiff's complaints concerning his medical

28   care.

Accordingly, Defendant Crotty has met his burden of raising and proving the absence of exhaustion of the claim alleged against him.  The Court shall recommend that the claims against him be dismissed without prejudice, and that defendant Crotty be dismissed from this action.

**IV.   Conclusion and Recommendation**

Defendant Crotty has his burden of demonstrating that Plaintiff failed to exhaust in compliance with section 1997e(a).   Therefore, the Court HEREBY RECOMMENDS as follows:

1.     Defendant's motion to dismiss, filed April 20, 2009, be GRANTED, and the federal claims against him be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies;

2.     Plaintiff's state law claims against defendant Crotty, to the extent there are any alleged, be dismissed without prejudice; and

3..    Defendant Crotty be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 15, 2009**                         _____ **/s/ Dennis L. Beck**_____
                                                        UNITED STATES MAGISTRATE JUDGE