# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. PALMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CROTTY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-CV-00148-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME FOR DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>(DOC. 52) |

      Plaintiff Steven M. Palmer ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant Harold Tate for violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed June 28, 2010. (Doc. 52.) Defendant Tate filed an opposition on July 9, 2010. (Doc. 53.) Plaintiff's motion to compel also includes a motion for extension of time to conduct discovery.

**I.    Motion To Compel**

      Plaintiff contends that Defendant failed to respond to Plaintiff's written questions and requests for production. (Pl.'s Mot. Compel 1-2.) Plaintiff contends that Defendant and his counsel delayed in their response and failed to cooperate with discovery. (*Id.*)

      Defendant contends that he nor counsel ever received Plaintiff's discovery requests. (Defs.' Opp'n 2:11-20.) Defendant contends that there is no proof of any discovery requests sent, any letters mailed, or even when these letters were mailed. (*Id.*)

1

1    Plaintiff does not submit any evidence that he served discovery requests on Defendant.
2 Plaintiff contends that he sent letters to defense counsel, but does not submit these letters, nor
3 any proof of service. If there were no discovery requests served, there is no basis for a motion to
4 compel. *See* Fed. R. Civ. P. 37. Furthermore, the discovery cut-off deadline was May 4, 2010,
5 which includes the filing of motions to compel. (Discovery And Scheduling Order, Doc. 39.)
6 Plaintiff's motion is thus untimely. Accordingly, Plaintiff's motion to compel, filed June 28,
7 2010, is DENIED.

8 **II.      Motion For Extension**

9    Plaintiff also moves the Court for an extension of time to the discovery cut-off date and
10 the dispositive motion deadline. (Pl.'s Mot. Compel 1-2.) Plaintiff contends that he needs ninety
11 days to get discovery in order.[1] A party seeking to modify the scheduling order must demonstrate
12 good cause. Fed. R. Civ. P. 16(b)(4). Plaintiff has demonstrated no good cause. There is no
13 showing that Plaintiff submitted discovery requests to Defendant or his counsel. Plaintiff's
14 request for an extension of time is also untimely. Accordingly, Plaintiff's motion for extension
15 of time is DENIED.

16    IT IS SO ORDERED.

17    Dated:   **October 21, 2010**            /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
---
28   [1] Plaintiff filed a response to Defendant's opposition on July 26, 2010, specifying the ninety-day period. (Doc. 54.)

2